IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE CIVIL INVESTIGATIVE DEMAND                    No. 1:23-mc-0023-MIS/DLM
No. DNM 23-02,

**OMNIBUS ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, DENYING PETITIONER'S PETITION TO SET ASIDE A SECOND CIVIL INVESTIGATIVE DEMAND FOR HER ORAL TESTIMONY, GRANTING UNITED STATES' CROSS-PETITION TO ENFORCE CIVIL INVESTIGATIVE DEMAND DNM 23-02, AND CLOSING CASE**

**THIS MATTER** is before the Court on United States Magistrate Judge Damian Martínez's Proposed Findings and Recommended Disposition ("PFRD"), filed October 4, 2023, ECF No. 14, Petitioner Sara Sanchez's Objection, ECF No. 15, and the United States' Response, ECF No. 16.

Pursuant to 31 U.S.C. § 3733(a)(2)(G), the United States Attorney's Office has issued a second Civil Investigative Demand ("CID") to Sanchez which requires that Sanchez appear and give oral testimony relevant to an investigation brought under the False Claims Act.[1] ECF No. 6-2. Briefly, the Government is investigating Noble Sales Co., Inc. ("Noble"), a company that operated a supply store at Cannon Air Force Base, for allegedly providing fraudulent quotes to the Government in violation of the False Claims Act, 31 U.S.C. §§ 3729-33. Sanchez was Noble's purchasing agent from 2013 through 2015, and store manager from 2015 through 2020.

Sanchez has filed a Petition asking the Court to quash the CID. ECF No. 1. The Government has filed a Cross-Petition asking the Court to enforce the CID. ECF No. 7. Judge Martínez recommends denying Sanchez's Petition and granting the Government's Cross-Petition. ECF No.14.

---

[1] On August 9, 2022, Sanchez gave oral testimony relevant to the same investigation pursuant to a separate CID. ECF No. 14 at 1.

Sanchez has filed a single Objection to the PFRD.  ECF No. 15.  As relevant to the Objection, the statute governing CIDs provides:

> The Attorney General shall not authorize the issuance under this section of more than one civil investigative demand for oral testimony by the same person unless the person requests otherwise or unless the Attorney General, after investigation, notifies that person in writing that an additional demand for oral testimony is necessary.

31 U.S.C. § 3733(a)(2)(G).  In this regard, the Government's CID states:

> After investigation, it has been determined that additional oral testimony from you is necessary. Through its investigation, the Government has identified additional transactions and topics of interest related to the COCESS facility. The Government also seeks to examine you regarding your previous testimony to clarify issues raised in the Government's subsequent investigation.

ECF No. 6-2.

Judge Martinez found that the CID complies with the statute because it "reflects that the U.S. Attorney requires Sanchez's testimony 'to discover [her] knowledge regarding the operations of the [Supply Store]' while working for Noble[,]" and there is evidence "that establishes Sanchez's experience in and position at Noble relevant to the investigation[.]"  ECF No. 14 at 12.

In her Objections, Sanchez argues that "by construing § 3733(a)(2)(G)'s command that 'more than one civil investigative demand for oral testimony by the same person' be 'necessary' as meaning nothing more than mere relevance, the Magistrate Judge's analysis renders this explicit statutory restriction meaningless, in violation of the binding authority governing statutory construction."  ECF No. 15 at 3.  Sanchez argues that the Court must decide whether an additional demand for oral testimony is <u>actually</u> necessary, and requires

> an investigation of the circumstances – such as (a) the record of the first examination, (b) the additional information the Government intends to obtain at the second examination, (c) why that information was not obtained at the first examination, (d) the importance of obtaining the information in light of what the Government already has obtained, (e) other available sources for the information,

> and (f) the likelihood of obtaining the information at a second examination – as well as a good faith determination that there is a unique justification for commanding the witness to reappear.

Id. at 4. She further maintains that for various reasons, further testimony is unnecessary in this case. Id. at 4-6. She further argues, for the first time, that if the Court denies her Petition it should "limit the Government to making its record of [her] invocation of her right not to be a witness against herself remotely in a Zoom proceeding and at a date and time that does not conflict with her work schedule." Id. at 6-7.

Pursuant to Federal Rule of Civil Procedure 72, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1).

Upon de novo review of the PFRD and Sanchez's Objections, the Court finds that Sanchez's construction of 31 U.S.C. § 3733(a)(2)(G) is unsupported by the plain language of the statute and the relevant law. The Court agrees with the Government that "[t]he statute, by its plain language, does not authorize, much less require, an inquiry into the particulars of an executive branch investigation; rather, it requires only that, after investigation, the issuing official 'notifies that person in writing that an additional demand for oral testimony is necessary.'" ECF No. 16 at 2. See also United States v. Seitz, No. MS2–93–063, 1993 WL 501817, at *4 (S.D. Ohio Aug. 26, 1993) ("Neither the legislative history nor the statutory language indicates a congressional intent that the Court make a determination that the Attorney General found that issuance of the [CID] was absolutely necessary and that that finding was supported by the circumstances known to the Attorney General before enforcing the [CID]."). "The CID statu[t]e does not vest this Court with

the authority to 'substitute its judgment for that of the Attorney General,' but rather leaves 'to the discretion of the Attorney General the decision whether issuance of a CID is necessary.'" United States v. Plavin, CIVIL ACTION NO. 1:15-CV-04286-SCJ, 2016 WL 11775141, at *4 (N.D. Ga. Apr. 6, 2016) (quoting United States v. Witmer, 835 F. Supp. 208, 218 (M.D. Pa. Oct. 8, 1993)). Therefore, the Court denies Sanchez's Petition and grants the Government's Cross-Petition.

Finally, Sanchez's argument that the Court should "limit the Government to making its record of [her] invocation of her right not to be a witness against herself remotely in a Zoom proceeding and at a date and time that does not conflict with her work schedule[,]" ECF No. 15 at 6-7, which was raised for the first time in her Objections, is not properly before the Court. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). However, in its Response to Sanchez's Objections, the Government states that it "is willing to accommodate Ms. Sanchez with respect to location[,]" and "is willing to conduct the CID examination in person" in Midland-Odessa, Texas, where Sanchez appears to reside. ECF No. 16 at 5. The Court will Order the Parties to work together in good faith to set an in-person CID examination.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Sanchez' Objections to the PFRD, ECF No. 15, are **OVERRULED**;

2. The Magistrate Judge's PFRD, ECF No. 14, is **ADOPTED**;

3. Sanchez's Petition, ECF No. 1, is **DENIED**;

4. The United States' Cross-Petition, ECF No. 7, is **GRANTED**;

5. Counsel for the parties shall work together to set an in-person CID examination;

6. All pending Motions are **DENIED AS MOOT**; and

7. This case is now **CLOSED**.

                                        */s/ Margaret Strickland*

                                      **MARGARET I. STRICKLAND**
                                      **UNITED STATES DISTRICT JUDGE**